IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES D. SISK, )
 )
 Plaintiff, )
 )
 v. ) 1:19CV679
 )
KENNETH LASSITER, et al., )
 )
 Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants Catherine Brown and James Horteshell's ("Defendants") motion for summary judgment. (Docket Entry 31.) Plaintiff James D. Sisk has not filed a response. For the reasons stated herein, the Court will recommend that Defendants' motion for summary judgment be granted.

## BACKGROUND

Plaintiff, a pro se prisoner,[1] filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. (*See generally* Complaint, Docket Entry 2.) Plaintiff alleges that on August 28, 2017, he was beaten by a group of gang members while at Piedmont Correctional Institution, receiving numerous injuries. (*Id.* at 5-6.)[2] He further alleges that

---

[1] As further noted herein, Plaintiff has been released from incarceration.

[2] All citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

1

several Defendants, including Horteshell,[3] observed and allowed the assault to take place, and did not respond until Plaintiff had already been badly beaten by gang members. (*Id.*) At the point when Defendants stepped in to stop the attack, Plaintiff alleges that he had severe back, neck, arm, and head injuries, along with loss of memory and emotional trauma. (*Id.* at 6.) Plaintiff had to receive outside medical treatment as a result of the incident. (*Id.*) Plaintiff states claims for Defendants' failure to protect, gross negligence, deliberate indifference, and deprivation of medical treatment.[4] (*Id.* at 5.)

Defendants filed a motion for summary judgment on December 11, 2020. (Docket Entry 31.) Defendants assert that Plaintiff did not properly exhaust his administrative remedies prior to filing this action in federal court and as such, they are entitled to summary judgment as a matter of law. (*Id.*) On December 11, 2020, a "Roseboro Letter"[5] was sent to Plaintiff at the address on file with the Court (at the Bertie Correctional Institution), informing Plaintiff that a dispositive motion had been filed and advising him of the consequences of failing to respond. (Docket Entry 33.) Plaintiff did not file a response. On January 20, 2021, mail directed to Plaintiff at the Bertie Correctional Institution address was returned

---

[3] Several other named Defendants have been previously dismissed from this action. (*See* Docket Entries 24, 29.)

[4] On August 5, 2019, Plaintiff filed another document (in affidavit form) setting forth facts which the Court docketed as a supplement to the Complaint. (Docket Entry 4.)

[5] A notice sent pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advises a pro se plaintiff of his right to file responses to dispositive motions filed by defendants.

2

undeliverable because Plaintiff had been released from the facility.⁶ (Docket Entry 35.) To date, Plaintiff has not provided notice of a new address to the Court.

## DISCUSSION

Because Plaintiff "fail[ed] to file a response [to Defendants' motion for summary judgment] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. L. R. 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).⁷ The possibility that Plaintiff failed to receive Defendants' instant motion does not affect the propriety of the Court summarily granting judgment in favor of Defendants based on Plaintiff's failure to respond. *See Irabor v. O'Neel*, No. A3-97-60, 1998 WL 1780650, at *1 (D.N.D. March 10, 1998)

---

⁶ The North Carolina Department of Public Safety's website which indicates that Plaintiff was released on or about December 11, 2020. (*See*
https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0372140&searchOffenderId=0372140&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 ((last visited March 8, 2021)).

⁷ Plaintiff's status as a pro se litigant does not excuse his inaction.

> As the United States Supreme Court observed in *McNeil v. United States*, 508 U.S. 106, 113 (1993), "[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." Accordingly, "pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

*Dewitt v. Hutchins*, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (internal parallel citations omitted).

(unpublished) ("One who does not keep the Court advised of his current address should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which the Rules allow, for example as here, obtaining rulings on motions . . . to dismiss, or for summary judgment.") (internal citation omitted).[8] Alternatively, as explained below, the Court should grant Defendants' motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies.

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring

---

[8] Arguably, Plaintiff's failure to provide an updated address to the Court also constitutes grounds for judgment against him. (*See, e.g., Woltz v. Chater,* No. 95–2539, 1996 WL 23314, at *1 (4th Cir. Jan. 11, 1996) (unpublished; decision without opinion, 74 F.3d 1235) (affirming order from district court "dismissing [plaintiff's] case for want of prosecution and for failing to keep the court informed of his change of address"); *Hibbert v. Apfel,* No. 99CIV4246(SAS), 2000 WL 977683, at *2 (S.D.N.Y. Oct. 23, 2007) (unpublished) ("It is also plaintiff's obligation to inform this Court's Pro Se Office of any change of address . . . . Even though plaintiff did not receive this Court's Order [because it was returned undelivered], defendant may nonetheless prevail on its motion to dismiss for failure to prosecute."); *Sambe v. Gonzales*, No. 9:06CV210, 2006 WL 3751153, at *1 (E.D. Tex. Dec. 15, 2006) (unpublished) ("A pro se prisoner's failure to inform a court of his change of address—and specifically, return of a pro se prisoner's mail to the court, as undeliverable—indicates a failure to meet his obligation to press forward with the litigation and failure to prosecute his case expeditiously."))

the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear their burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish their claim. *Celotex*, 477 U.S. at 331 (Brennan, dissenting). When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Anderson*, 477 U.S. at 248-49.

Here, Defendants argue that they are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies before filing this action. (Docket Entry 34 at 4.) In support of their motion for summary judgment, Defendants attach the Declaration of Kimberly D. Grande ("Grande"), Executive Director of the North Carolina Department of Public Safety's Inmate Grievance Resolution Board ("IGRB"). (Kimberly D. Grande Declaration ¶ 3, Docket Entry 34-2.) Attached to Grande's declaration is a copy of the Administrative Remedy Procedure ("ARP"), a three-tier review process for offender grievances. (*See* ARP Manual, Docket Entry 34-3; *see also Moore v. Bennette,* 517 F.3d 717, 721 (4th Cir. 2008)). The ARP first encourages inmates to attempt informal communication with responsible officials at the facility where the problem arose. ARP § .0301(a). If informal

5

resolution is unsuccessful, the ARP provides that "any aggrieved inmate may submit a written grievance . . . ." *Id.* § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described step one of the grievance process, he or she may request relief from the facility head. *Id.* § .0310(b)(1). If the inmate is not satisfied with the decision reached at the second step, then he or she may appeal to the secretary of public safety through the inmate grievance examiner ("IGE"). *Id.* § .0310(c)(1). The decision by the IGE or a modification by the secretary of public safety constitutes the final step of the ARP. *Id.* § .0310(c)(6).

Grande states that she reviewed IGRB records and identified three grievances filed by Plaintiff between July 1, 2017 and September 11, 2019—a period that begins before the August 2017 incident at issue in this matter and ends well after the ninety (90) day deadline for filing grievances after an incident.[9] (Grande Decl. ¶ 10.) There were three grievances filed during that time period that were subsequently exhausted through Step 3 of the ARP. (*Id.* ¶ 11; *see also* Grievances, Docket Entries 34-4, 34-5, 34-6.)

## Failure to Exhaust Administrative Remedies

Defendants assert that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. (Docket Entry 34 at 4.) The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore*, 517 F.3d at 725. The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

---

[9] *See* ARP § .0306(c)(2) (90-day deadline for filing grievances after an incident except for instances of sexual harassment).

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled by now that Section 1997e's exhaustion requirement is mandatory.[10] *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676–77 (4th Cir. 2005) (citing *Porter*, 534 U.S. at 524).

A review of Plaintiff's complaint and the exhibits attached to Defendants' motion for summary judgment demonstrates that Plaintiff did not exhaust his administrative remedies. Here, Plaintiff filed three grievances that were exhausted through Step 3 of the ARP during the period between July 1, 2017 and September 11, 2019. A review of those grievances reveals that none of them relate to the allegations in the instant Complaint against Defendants. The first grievance was received by prison staff on July 19, 2019 and relates to a canceled neurological medical appointment.[11] (Docket Entry 34-4.) The second grievance was received on or about August 12, 2019 and relates to alleged denial of medical treatment for over two years, but the grievance does not address Defendants' alleged conduct as set forth in the

---

[10] Although the failure to exhaust administrative remedies may be excused when prison officials hinder, delay or otherwise prevent prisoners from availing themselves of administrative procedures, *see Hill v. Haynes,* 380 F. App'x 268, 270 (4th Cir. 2010), Plaintiff here has neither responded to Defendants' summary judgment motion, nor otherwise presented any factual support for this exception to be applicable here.

[11] Although Plaintiff appears to have dated his first grievance to July 16, 2019, Plaintiff addresses a neurologist appointment scheduled for July 17, 2019 and subsequently canceled due to a medical provider quitting their job. Nevertheless, the Court's conclusion remains the same, even considering July 16, 2019 as the date of filing for Plaintiff's first grievance.

Complaint.[12] (Docket Entry 34-5.) Plaintiff's third grievance was received on or about September 10, 2019 and also relates to alleged denial of medical treatment.[13] (Docket Entry 34-6.) Thus, because the three grievances do not address Defendants' conduct as alleged in the Complaint, Plaintiff has failed to exhaust his administrative remedies.

Even if, however, the exhausted grievances discussed above were deemed related to the 2017 incident alleged in the Complaint, it is well-settled that a prisoner "may not exhaust (or attempt to exhaust) his administrative remedies during the pendency of a lawsuit." *Thomas v. Slater*, No. CA 9:10-0028-DCN-BM, 2010 WL 4822407, at *3 (D.S.C. Nov. 3, 2010) (unpublished), *report and recommendation adopted*, 2010 WL 4823071 (D.S.C. Nov. 22, 2010) (unpublished). *See also Germain v. Shearin*, 653 F. App'x 231, 234 (4th Cir. 2016) ("Exhaustion has not occurred and dismissal is warranted when an institution's appeal process necessarily must continue after the filing of the complaint."). Rather, a prisoner must fully exhaust all steps of the administrative process *before* filing his lawsuit. *Ballard v. Haynes*, No. 3:17-CV-455-FDW, 2018 WL 5793154 (W.D.N.C. Nov. 5, 2018) (unpublished). *See also French v. Warden*, 442 F. App'x 845, 846 (4th Cir. 2011) (stating that "based on the dates of his initial grievance and the filing of the complaint in this action, [the inmate] could not have completed the grievance process before he filed suit in the district court"); *Seelig v. Perry*, No. 1:16CV1166,

---

[12] In response to this grievance, Grande did note that Plaintiff is not permitted to grieve an issue over 90 days old. (Docket Entry 34-5 at 1.) She did, however, mention the 2017 altercation and indicated that Plaintiff was treated according to medical protocol. (*Id.*) To the extent any of these grievances could be liberally construed as somehow grieving the alleged conduct of Defendants related to the 2017 incident, it still provides no relief for Plaintiff. As further discussed herein, Plaintiff cannot exhaust his administrative remedies during the pendency of a lawsuit.

[13] It appears this grievance was filed and addressed at the Bertie Correctional Institution and did not involve officials at the Piedmont Correctional Institution.

8

2017 WL 5006427, at *9 (M.D.N.C. Oct. 30, 2017) (citing *Seamons v. Guise,* No. 3:16–CV–649–FDW, 2017 WL 190101, at *2 (W.D.N.C. Jan. 17, 2017) (unpublished) ("The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action.")). Here, the grievances, even though exhausted through Step 3, appear to have proceeded through the ARP steps *after* Plaintiff filed this lawsuit in early July 2019. Such order of events is improper and is grounds for dismissal of this Complaint. *See Gereau-Bey v. Wallens Ridge State Prison*, No. CIV.A. 705CV00605, 2006 WL 840325, at *2, n.5 (W.D. Va. Mar. 29, 2006) (exhaustion requirement "is a precondition to the *filing* of a [lawsuit]; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure *after* commencing the lawsuit"), *aff'd as modified*, 205 F. App'x 980 (4th Cir. 2006).

In sum, there exists no genuine issues of material fact that Plaintiff did not exhaust his administrative remedies by completing all three steps required by the ARP before filing this lawsuit. He has presented no evidence to the contrary. Therefore, Defendants' motion for summary judgment should be granted.

## CONCLUSION

Based upon the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendants Catherine Brown and James Horteshell's motion for summary judgment (Docket Entry 31) be **GRANTED** and this action be dismissed without prejudice.

_____
Joe L. Webster
United States Magistrate Judge

March 12, 2021
Durham, North Carolina